Quintero et al. *v.* Sosa.

</div>

Apelación procedente de la Corte de Distrito de San Juan.

<div align="center">

No. 777.—Resuelto en abril 8, 1912.

</div>

Desestimación de la Acción (Non Suit)—Negación que Envuelve una Afir-
mación, (Negative Pregnant).—Las alegaciones esenciales de la demanda
son que los demandantes son los únicos y legítimos dueños de una finca, que
el demandado posee ilegalmente. El demandado al contestar la demanda negó
que los demandantes fueran dueños en la actualidad de la finca y alegó que
ellos le habían transmitido por venta el dominio de la misma. Principiado
el juicio, los demandantes se abstuvieron de presentar prueba alguna por
entender que las alegaciones esenciales de la demanda estaban admitidas en
la contestación. El demandado pidió la desestimación de la acción (*non suit*)
y la corte la concedió. En apelación se resolvió que el demandado únicamente
admitió que los demandantes fueron dueños de la finca en litigio, pero no
que lo eran en la actualidad y que esta admisión no favorece en nada a los
demandantes, porque para el éxito de la acción reivindicatoria es necesario
que lo sean al interponer la demanda, hecho que fué negado por el demandado.
Id.—Posesión del Demandado—Presunción.—También se deduce de la demanda
y la contestación que la posesión de la finca en litigio por parte del deman-
dado es un hecho admitido, y de acuerdo con los artículos 448 y 450 del Código
Civil el poseedor de una cosa tiene el derecho a ser respetado en su posesión.
El poseedor en concepto de dueño tiene a su favor la presunción legal de que
posee con justo título, sin que se le pueda obligar a exhibirlo, y por tanto no
habiendo los demandantes presentado prueba alguna para contrarrestar esta
presunción, siendo como era de su incumbencia esa prueba, es de presumirse
que el demandado posee con justo título, y en las circunstancias de este caso la
sentencia desestimando la acción es ajustada a derecho.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Luis Llorens Torres.*

Abogado del apelado: *Sr. Herminio Díaz Navarro.*

El Juez Presidente Sr. Hernández, emitió la opinión del
tribunal.

Pedro y Bernardo Quintero y León demandaron ante la
Corte de Distrito de San Juan a Nicasio Sosa y Reyes para

conseguir la reivindicación de una finca rústica con devolución de frutos de la misma e indemnización de daños y perjuicios.

Al comenzar la vista del pleito estipularon las partes con aprobación de la corte, que sólo se viera el caso en cuanto a la acción "reivindicación de inmuebles," y que después de dictada sentencia, si ésta declaraba con lugar dicha acción, se continuaría el juicio en cuanto a la segunda acción sobre daños y perjuicios.

Como hechos fundamentales de la acción reivindicatoria, alegan los demandantes que son los únicos y legítimos dueños de un predio rústico de 26 cuerdas con 55 céntimos que describen, por mitad y proindiviso, cuyo dominio les corresponde por virtud de justo título hereditario reconocido expresamente por el demandado, y que éste, sin ningún título para ello, estaba poseyendo y usufructuando ilegalmente el referido predio que tiene un valor de dos mil dollars.

Al contestar la demanda niega el demandado que los demandantes sean en la actualidad dueños de la finca reclamada, y en su lugar afirma que dichos demandantes le trasmitieron por venta el dominio pleno de la expresada finca en el año 1891, por precio de 273 pesos que les pagó y ellos cobraron, dándole en dicho año, una vez realizada la venta, posesión material del inmueble. Niega asimismo el demandado que haya estado y esté poseyendo la referida finca sin título alguno, y en su lugar alega, que desde el expresado año de 1891, por virtud de la predicha compraventa, ha tenido y tiene la posesión del inmueble litigioso en concepto de dueño, pública, pacíficamente y sin interrupción, cuya posesión inscribió en el registro de la propiedad mediante instrucción de un expediente posesorio que comprendió la finca reclamada y otra más, ambas con superficie total de noventa cuerdas, expediente que fué aprobado por la corte municipal de Trujillo Alto, en resolución firme de 27 de noviembre de 1895.

Para más amplia defensa alegó el demandado que, dada la veracidad de las anteriores alegaciones, la acción reivindica-

toria ejercitada por el demandante está prescrita, de conformidad con lo que estatuyen los artículos 1961, 1963 en su párrafo 2º., 1940, 1941, 1950, 1951, 1952 y 1953 del Código Civil Español, en relación con el artículo 1º. de la Orden Judicial de 4 de abril de 1899 y con el 1840 del Código Civil Revisado.

Principiado el juicio, ya leídas las alegaciones de ambas partes, los demandantes manifestaron a la corte que no tenían pruebas que presentar, y entonces el demandado promovió moción de *non suit* solicitando el *dismissal* o sobreseimiento del caso, por el fundamento de no haber probado los demandantes las alegaciones esenciales de su demanda, a cuya moción se opusieron los demandantes por entender que las alegaciones esenciales de la demanda estaban admitidas en la contestación.

La corte declaró con lugar la moción y por sentencia de 22 de septiembre de 1911 declaró desistido al demandante de su acción, con las costas y gastos que se justifiquen a su cargo, contra cuya sentencia se interpuso recurso de apelación para ante esta Corte Suprema.

La única cuestión a resolver en el presente recurso es si el demandante ha dejado de suministrar prueba suficiente en que fundar una sentencia contra el demandado, y si en su virtud procede haberle por desistido de la demanda, con arreglo al artículo 192 del Código de Enjuiciamiento Civil en su número 5º.

Como en el juicio no se practicó prueba alguna, veamos si esa prueba puede derivarse de las alegaciones de ambas partes contenidas en los escritos de demanda y contestación, apreciados conjuntamente y en relación las unas con las otras.

El artículo 132 del Código de Enjuiciamiento Civil dice así:

"Toda alegación esencial de la demanda no impugnada en la contestación se tendrá por cierta para los efectos de la acción; la exposición de cualquiera materia nueva en la contestación en apoyo de una oposición o reconvención, deberá en el juicio considerarse como impugnada por la parte contraria."

Con sujeción a los preceptos que dejamos transcritos, debe tenerse por cierto para los efectos de la acción ejercitada por los demandantes, que éstos *fueron* dueños de la finca rústica que reclaman en la demanda, y que el demandado está poseyendo actualmente dicha finca; pero no es igualmente cierto que al comenzar su acción los demandantes fueran dueños de tal finca, pues el demandado lo niega abiertamente afirmando que el dominio de ella le pertenece en la actualidad. Y no basta que el demandado acepte que anteriormente fueron. dueños de ese predio los demandantes, pues para el favorable éxito de la acción reivindicatoria, es necesario que lo sean al interponer la demanda, hecho que repetimos ha sido negado por el demandado.

Aun más, es un hecho aceptado por ambas partes que el demandado posee la finca de que se trata, y siendo ello así, tiene derecho a ser respetado en su posesión y a ser amparado en ella, mientras no se le venza en juicio según el artículo 448 del Código Civil; y según el 450, el poseedor en concepto de dueño tiene a su favor la presunción legal de que posee con justo título, sin que se le pueda obligar a exhibirlo. No es hecho aceptado por ambas partes que el demandado no posea en concepto de dueño; y siendo ello así, le favorece la presunción legal de que posee con justo título.

Esa presunción se establece también y con mayor amplitud en la Ley de Evidencia aprobada en 9 de marzo de 1905, cuyo artículo 102 entre otras presunciones consigna bajo el número once, la de que las cosas que obran en poder de una persona son de su pertenencia.

Como se ve, la posesión de la finca por parte del demandado engendra la presunción de dueño, y esa presunción sólo se extingue mediante prueba que debe suministrar la parte contraria.

Y no cabe argüir que la negativa del demandado, de que los demandantes sean dueños de la finca de que se trata, por haberla adquirido de éstos, envuelve una afirmación ante la

cual no tenía el demandante que suministrar evidencia alguna de un dominio que le había sido reconocido.

El artículo 108 de la Ley de Evidencia, cuyo examen puede ser atinente al caso, dice así:

"La parte que sostiene la afirmativa en la cuestión, deberá presentar la evidencia para probarla; todo el peso de la prueba por lo tanto recae sobre la parte que resultaría vencida, de no presentarse evidencia por ninguno de los contendores. La prueba de una obligación corresponde a la parte que exige su cumplimiento, y la prueba de su extinción corresponde a la parte que la niega."

La última parte del artículo transcrito es una reproducción del 82 del Código Civil.

La cuestión litigiosa en el presente caso es el dominio de la cosa inmueble descrita en la demanda: los demandantes sostienen la afirmativa, pues ellos alegan el dominio actual de una finca, que les niega el demandado: a ellos incumbe aportar la evidencia necesaria para probar la alegación de dicho actual dominio.

El demandado posee la finca que los demandantes quieren reivindicar; como tal poseedor tiene derecho a ser respetado en la posesión; existe a su favor la presunción de que la finca es de su pertenencia; esa presunción subsiste mientras no se destruya por prueba en contrario; tal prueba debe suministrarse por los demandantes, y si no lo hacen, ellos serán los vencidos y no el demandado, que por ministerio de la ley se presume vencedor.

Negamos que los demandantes estén exentos de proponer evidencia alguna sobre el dominio, por ser ese un hecho que ha aceptado el demandado. Lejos de ser así, el demandado niega categóricamente que los demandantes sean en la actualidad dueños de la finca y sólo admite que lo fueron. Los demandantes estaban en el deber de probar que continuaron siendo dueños, dada la negativa del demandado, y que éste lejos de haberlos adquirido por título legítimo, según alega, se valió de tales o cuales medios ilegales para venir a poseerla, con lo

cual hubieran destruído la presunción de dominio *juris tantum* que el hecho de la posesión arroja a favor del demandado.

Por las razones expuestas entendemos que procede declarar sin lugar el recurso y confirmar la sentencia que dictó la Corte de Distrito de San Juan, en 22 de septiembre del año próximo pasado.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.